EXHIBIT 1

1  Michael Nourmand, Esq. (SBN 198439)
**THE NOURMAND LAW FIRM, APC**
2  8822 West Olympic Boulevard
Beverly Hills, California 90211
3  Tel: (310) 553-3600; Fax: (310) 553-3603

4  **BIBIYAN & BOKHOUR, P.C.**
David D. Bibiyan (SBN 287811)
5  287 South Robertson Blvd., Ste. 303
Beverly Hills, California 90211
6  Tel; (310) 438-5555; Fax: (310) 300-1705

7  Attorneys for Plaintiff MARITER ROLDAN, on
behalf of herself and all others similarly situated

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

APR 27 2017

Sherri R. Carter, Executive Officer/Clerk
By: Charlie L. Coleman, Deputy

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **FOR THE COUNTY OF LOS ANGELES – CENTRAL CIVIL WEST**

10

11  MARITER ROLDAN, on behalf of herself
and all others similarly situated,

12

13                     Plaintiffs,

14         v.

15  FRESENIUS MEDICAL CARE NORTH
AMERICA LIMITED PARTNERSHIP, a
16  Delaware limited partnership; BIO-MEDICAL
APPLICATIONS OF CALIFORNIA, INC., a
17  Delaware corporation; RENAL
ADVANTAGE INC., a Delaware corporation;
18  FRESENIUS MEDICAL CARE –
EUCALYPTUS, LLC, a Delaware limited
19  liability company; FRESENIUS MEDICAL
CARE GOLDENWEST, LLC, a Delaware
20  limited liability company; and DOES 1
through 100, inclusive,
21
22                     Defendants.

CASE NO.:  **BC 6 5 9 4 7 9**

**CLASS ACTION**

**CLASS ACTION COMPLAINT FOR:**

1. FAILURE TO PAY OVERTIME WAGES;

2. FAILURE TO PROVIDE MEAL
   PERIODS;

3. FAILURE TO PROVIDE REST
   PERIODS;

4. FAILURE TO PAY DUE WAGES AT
   TERMINATION;

5. FAILURE TO PROVIDE ACCURATE
   WAGE STATEMENTS;

6. VIOLATION OF LABOR CODE § 2802;
   and

7. VIOLATION OF BUSINESS AND
   PROFESSIONS CODE § 17200, *et seq.*;

**DEMAND FOR JURY TRIAL**

23

24

25

26

27         COMES NOW plaintiff MARITER ROLDAN ("Plaintiff"), on behalf of herself and all

28  others similarly situated, and alleges as follows:

Law Offices of
BIBIYAN & BOKHOUR
A Professional Corporation
287 S. Robertson Blvd., Ste. 303
Beverly Hills, CA 90211
(310) 438-5555

CLASS ACTION COMPLAINT

EXHIBIT 1, Page 11

# GENERAL ALLEGATIONS

## INTRODUCTION

1.      This is a Class Action, pursuant to California Code of Civil Procedure section 382, on behalf of Plaintiff and all other current and former similarly situated employees employed by or formerly employed by BIO-MEDICAL APPLICATIONS OF CALIFORNIA, INC., a Delaware corporation ("Biomedical Applications"), FRESENIUS MEDICAL CARE NORTH AMERICA LIMITED PARTNERSHIP, a Delaware limited partnership ("Fresenius LP"), RENAL ADVANTAGE INC., a Delaware corporation ("Renal Advantage"); FRESENIUS MEDICAL CARE – EUCALYPTUS, LLC, a Delaware limited liability company ("Fresenius Eucalyptus"); FRESENIUS MEDICAL CARE GOLDENWEST, LLC, a Delaware limited liability company ("Fresenius Goldenwest"); and DOES 1-100, inclusive (collectively, "Defendants"), as set out below, within the State of California.

2.      For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy or practice of failing to pay overtime wages to Plaintiff and other non-exempt employees in the State of California in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and similarly situated employees routinely working over eight (8) hours per day or forty (40) hours per week without being properly compensated for hours worked in excess of (8) hours per day or forty (40) hours per week due to, among other things, failing to include all forms of remuneration to calculate the regular rate of pay for overtime purposes to the detriment of Plaintiff and similarly situated employees.

3.      For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and other similarly situated employees or former employees within the State of California with a thirty (30) minute uninterrupted meal period for days on which the employees worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which employees worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.

/ / /

EXHIBIT 1, Page 12

4.    For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy or practice of failing to provide Plaintiff and similarly situated employees or former employees within the State of California rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failing to provide compensation for such unprovided rest periods as required by California wage and hour laws.

5.    For at least one (1) year prior to the filing of this action and continuing to the present, Defendants have had a consistent policy or practice of intentionally failing to furnish employees with itemized wage statements that accurately reflect all hours worked, net and gross wages earned, and premium wages due for missed meal and/or rest periods as required by California wage and hour laws.

6.    For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have failed to pay Plaintiff and other similarly situated employees the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202.

7.    For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have failed to indemnify Plaintiff and other similarly situated employees for their mileage incurred in furtherance of their job duties for Defendants, in violation of, among other authorities, Labor Code section 2802.

8.    Plaintiff, on behalf of herself and all other similarly situated employees, brings this action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 226, 226.7, 510, 512, 558, 1194, 1194.2, 2699, and 2802, *et al.*, and California Code of Regulations, Title 8, section 11070, seeking, *inter alia*, overtime wages, premium wages for missed meal and rest periods, penalties, reimbursements, and reasonable attorneys' fees and costs.

9.    Plaintiff, on behalf of herself and all other similarly situated employees, pursuant to California Business and Professions Code sections 17200 through 17208, also seeks all monies owed but withheld and retained by Defendants to which Plaintiff and members of the Class are entitled.

/ / /

3

**PARTIES**

A.    **Plaintiff**

10.    Plaintiff, MARITER ROLDAN, is, and at all times relevant hereto was, a resident of Los Angeles, California.  At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges that Defendants employed her as a non-exempt employee – namely, a registered nurse – since at least May of 2013 through the present, during which she worked, at among other locations, their Tustin, Inglewood and Westminister locations.

B.    **Defendants**

11.    Plaintiff is informed and believes and based thereon alleges that defendant Fresenius LP is, and at all times relevant hereto was, a Delaware limited partnership operating under and by virtue of the laws of the State of Delaware and operating health facilities in California in which professional medical services, including dialysis treatments, are rendered and/or administered by California employees to California patients.  Plaintiff is informed and believes, and based thereon alleges that its principal place of business is in Waltham, Massachusetts.

12.    Plaintiff is informed and believes and based thereon alleges that defendant Biomedical Applications is, and at all times relevant hereto was, a Delaware corporation operating under and by virtue of the laws of the State of Delaware and operating health facilities in California in which professional medical services, including dialysis treatments, are rendered and/or administered by California employees to California patients.  Plaintiff is informed and believes, and based thereon alleges that its principal place of business is in Waltham, Massachusetts.

13.    Plaintiff is informed and believes and based thereon alleges that defendant Renal Advantage is, and at all times relevant hereto was, a Delaware corporation operating under and by virtue of the laws of the State of Delaware and operating health facilities in California in which professional medical services, including dialysis treatments, are rendered and/or administered by California employees to California patients.  Plaintiff is informed and believes, and based thereon alleges that its principal place of business is in Waltham, Massachusetts.

14.    Plaintiff is informed and believes and based thereon alleges that defendant Fresenius Eucalyptus is, and at all times relevant hereto was, a Delaware limited liability company operating

1  under and by virtue of the laws of the State of Delaware and operating health facilities in California

2  in which professional medical services, including dialysis treatments, are rendered and/or

3  administered by California employees to California patients.  Plaintiff is informed and believes, and

4  based thereon alleges that its principal place of business is in Waltham, Massachusetts.

5      15.    Plaintiff is informed and believes and based thereon alleges that defendant Fresenius

6  Goldenwest is, and at all times relevant hereto was, a Delaware limited liability company operating

7  under and by virtue of the laws of the State of Delaware and operating health facilities in California

8  in which professional medical services, including dialysis treatments, are rendered and/or

9  administered by California employees to California patients.  Plaintiff is informed and believes, and

10  based thereon alleges that its principal place of business is in Waltham, Massachusetts.

11      16.    The true names and capacities, whether individual, corporate, associate, or otherwise,

12  of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff,

13  who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474.

14  Plaintiff is informed and believes and based thereon alleges that each of the defendants designated

15  herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.

16  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of

17  the defendants designated hereinafter as DOES when such identities become known.  Plaintiff is

18  informed and believes and based thereon alleges that all defendants sued herein as DOES are in

19  some manner responsible for the acts herein alleged and that Plaintiff's damages were proximately

20  caused by their conduct.

21      **AGENCY, ALTER EGO AND JOIN EMPLOYER ALLEGATIONS**

22      17.    Plaintiff is informed and believes, and based thereon alleges that all the times

23  mentioned herein, each of the defendants was the agent, principal, employee, employer,

24  representative, joint venture or co-conspirator of each of the other defendants, either actually or

25  ostensibly, and in doing the things alleged herein acted within the course and scope of such agency,

26  employment, joint venture, and conspiracy.

27      18.    All of the acts and conduct described herein of each and every corporate defendant

28  was duly authorized, ordered, and directed by the respective and collective defendant corporate

5

CLASS ACTION COMPLAINT

1   employers, and the officers and management-level employees of said corporate employers. In
2   addition thereto, said corporate employers participated in the aforementioned acts and conduct of
3   their said employees, agents, and representatives, and each of them; and upon completion of the
4   aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant
5   corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded,
6   acquiesced, authorized, and approved of each and all of the said acts and conduct of the
7   aforementioned corporate employees, agents and representatives.

8      19.   Plaintiff is informed and believes, and based thereon alleges, that there exists such a
9   unity of interest and ownership between Defendants, and each of them, that their individuality and
10  separateness have ceased to exist.

11     20.   Plaintiff is informed and believes, and based thereon alleges that despite the
12  formation of the purported corporate existence of Biomedical Applications, Renal Advantage,
13  Fresenius Eucalyptus, Fresenius Goldenwest, and DOES 1 through 100, inclusive (the "Alter Ego
14  Defendants"), they, and each of them, are one and the same with Fresenius LP, as they are with each
15  other, due to, but not limited to, the following reasons:

16     a.   The Alter Ego Defendants are completely dominated and controlled by
17  Fresenius LP, which personally committed the wrongful and illegal acts and violated the laws as set
18  forth in this Complaint, and which has hidden and currently hides behind the Alter Ego Defendants
19  to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose;

20     b.   Fresenius LP derives actual and significant monetary benefits by and through
21  the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego Defendants as the funding
22  source for its own personal expenditures;

23     c.   Plaintiff is informed and believes and thereon alleges that Fresenius LP and
24  the Alter Ego Defendants, while really one and the same, were segregated to appear as though
25  separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing
26  some other wrongful or inequitable purpose;

27     d.   Plaintiff is informed and believes and thereon alleges that the business affairs
28  of Fresenius LP and the Alter Ego Defendants are, and at all relevant times mentioned herein were,

1  so mixed and intermingled that the same cannot reasonably be segregated, and the same are

2  inextricable confusion. The Alter Ego Defendants are, and at all relevant times mentioned herein

3  were, used by Fresenius LP as mere shells and conduits for the conduct of certain of their, and each

4  of their affairs. The Alter Ego Defendants are, and at all relevant times mentioned herein were, the

5  alter egos of Fresenius LP;

6          e.      The recognition of the separate existence of Fresenius LP from the Alter Ego

7  Defendants would promote injustice insofar that it would permit these defendants to insulate

8  themselves from liability to Plaintiff for violations to the California Government Code, Civil Code,

9  Labor Code, and other statutory violations. The corporate existence of these defendants should thus

10 be disregarded in equity and for the ends of justice because such disregard is necessary to avoid

11 fraud and injustice to Plaintiff, and all other similarly situated employees, herein.

12         21.     Accordingly, the Alter Ego Defendants constitute the alter ego of Fresenius LP (and

13 vice versa), and the fiction of their separate corporate existence must be disregarded.

14         22.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based

15 thereon alleges that the Alter Ego Defendants, Fresenius LP, and each of them, are joint employers

16 by virtue of a joint enterprise, and that Plaintiff was an employee of the Alter Ego Defendants,

17 Fresenius LP, and each of them. Plaintiff performed services for each and every defendant, and to

18 the mutual benefit of all defendants, and all defendants shared control of Plaintiff and all other

19 similarly situated employees, either directly or indirectly, and in the manner in which defendants'

20 business was and is conducted.

21                                  **JURISDICTION**

22         23.     Jurisdiction exists in the Superior Court of the State of California pursuant to Code

23 of Civil Procedure section 410.10.

24         24.     Venue is proper in Los Angeles, California pursuant to Code of Civil Procedure

25 section 395. Los Angeles is where the contract between Defendants, or some of them, and Plaintiff,

26 was made and performance thereunder due. The unlawful acts alleged herein have a direct effect

27 on Plaintiff and those similarly situated within Los Angeles and the State of California. Moreover,

28 Defendants employ numerous Class Members in Los Angeles and the State of California.

EXHIBIT 1, Page 17

## FACTUAL BACKGROUND

25.     Plaintiff and other similarly situated employees have not been paid, during the relevant liability periods, wages for all time worked, including overtime wages, as a result of, including but not limited to, a consistent policy of failing to pay overtime wages to Plaintiff and other non-exempt employees in the State of California in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and similarly situated employees routinely working over eight (8) hours per day or forty (40) hours per week without being properly compensated for the hours worked in excess of (8) hours per day or forty (40) hours per week due to, among other things, failing to include all forms of remuneration to calculate the regular rate of pay for overtime purposes to the detriment of Plaintiff and similarly situated employees.

26.     Defendants have had a consistent policy or procedure of failing to provide Plaintiff and other similarly situated employees or former employees within the State of California a thirty (30) minute uninterrupted meal period for days on which the employees worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which the employees worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods.

27.     Plaintiff and other similarly situated employees or former employees at all times pertinent hereto were not exempt from the meal break provisions of California law, and the implementing rules and regulations of the IWC California Wage Orders.

28.     Defendants have had a consistent policy or procedure of failing to provide Plaintiff and similarly situated employees or former employees within the State of California rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failing to provide compensation for such unprovided rest periods as required by California wage and hour laws.

29.     Defendants have failed to comply with Labor Code section 226, subdivision (a) by not providing itemized wage statements accurately showing, including but not limited to, total hours worked during the pay period and pay due and owing for meal and rest break law violations, as well as shift differential pay.

/ / /

30.    At the time Plaintiff's employment and the employment of other former employees of Defendants ended, Defendants willfully failed to pay due wages, including, without limitation, overtime wages.

31.    Defendants have had a consistent policy or procedure of failing to indemnify Plaintiff and similarly situated employees or former employees within the State of California to for mileage incurred in furtherance of their work duties for Defendants, in violation of Labor Code section 2802.

## CLASS ACTION ALLEGATIONS

32.    Plaintiff brings this action on behalf of herself and all others similarly situated, as a class action pursuant to Code of Civil Procedure section 382.  Plaintiff seeks to represent seven Classes composed of and defined as follows:

### Overtime Class

All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class who earned or were entitled to shift differential pay (collectively referred to as "Overtime Class").

### Meal Period Class

All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class who worked shifts of five (5) hours or more (collectively referred to as "Meal Period Class").

### Rest Period Class

All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who worked shifts of four (4) hours or more (collectively referred to as the "Rest Period Class").

### Late Pay Class

All former employees of Defendants within the State of California at any time commencing three (3) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who did not receive all their wages upon termination and/or resignation of their employment (collectively referred to as "Late Pay Class").

/ / /

/ / /

9

CLASS ACTION COMPLAINT

EXHIBIT 1, Page 19

**Mileage Class**

All current and former employees of Defendants within the State of California at any time commencing three (3) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, including but not limited to employees who incurred mileage in their personal vehicles in furtherance of their work duties for Defendants but were not indemnified for the mileage incurred for Defendants.

**Wage Statement Class**

All former employees of Defendants within the State of California to whom, at any time commencing one (1) year preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, were provided with wage statements (collectively referred to as "Wage Statement Class").

33.    Plaintiff reserves the right under California Rule of Court rule 3.765(b) to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

34.    This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

A.    **Numerosity**

35.    The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that there are over three hundred Class Members employed by Defendants within the State of California.

36.    Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

B.    **Commonality**

37.    There are questions of law and fact common to Class Members.  These common questions include, but are not limited to:

/ / /

EXHIBIT 1, Page 20

(1)     Did Defendants violate Labor Code section 1194 by not compensating Class Members with overtime wages at the proper overtime rate?

(2)     Did Defendants violate Labor Code section 512 by not providing Class Members with meal periods?

(3)     Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or uninterrupted meal periods?

(4)     Did Defendants violate Labor Code section 512 by not providing Class Members with rest periods?

(5)     Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

(6)     Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

(7)     Are Defendants liable to Class Members for penalty wages under Labor Code section 203?

(8)     Did Defendants violate Labor Code section 226(a) by not furnishing Class Members with accurate wage statements?

(9)     Did Defendants violate Labor Code section 2802 by not indemnifying employees for mileage incurred in discharge of their work duties?

(10)    Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

(11)    Are Class Members entitled to restitution of penalty wages under Business and Professions Code section 17203?

(12)    Are Class Members entitled to costs and attorneys' fees?

(13)    Are Class Members entitled to interest?

/ / /

/ / /

/ / /

11

CLASS ACTION COMPLAINT

C.    **Typicality**

38.    The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any member of the classes, and the relief sought is typical of the relief which would be sought by each of the members of the classes in separate actions.  Plaintiff and all members of the Classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

D.    **Adequacy of Representation**

39.    Plaintiff will fairly and adequately represent and protect the interest of the members of the Classes.  Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

E.    **Superiority of Class Action**

40.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Classes predominate over any questions affecting only individual members of each Class.  Each member of each Class has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to pay overtime wages, failing to provide meal and rest breaks or compensation in lieu thereof, failing to provide accurate itemized wage statements, failing to pay all wages due upon termination and/or resignation, and failing to indemnify for mileage incurred in furtherance of their work duties.

41.    Class action treatment will allow those similarly situated to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wages – Against All Defendants)

42.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

12

EXHIBIT 1, Page 22

43.     At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

44.     Overtime pay is computed based on the regular rate of pay.  The regular rate of pay includes many different kinds of remuneration.  Under California law, the determination of regular rate of pay for purposes of determining overtime pay must include the employee's commissions, bonuses, shift differential pay, or other non-hourly compensation. Specifically, Labor Code section 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."

45.     Accordingly, by requiring Plaintiff and the Overtime Class to work greater than eight hours per day and/or forty hours per week and without properly compensating overtime wages, as described above, including, failing to include all forms of remuneration to calculate the regular rate of pay for overtime purposes, Defendants willfully violated the provisions of the Labor Code, among others, sections 510, 558, and applicable IWC Wage Orders, and California law.

46.     As a result of the unlawful acts of Defendants, Plaintiff and the Overtime Class have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5, and Civil Code section 3287.

## SECOND CAUSE OF ACTION

### (Failure to Provide Meal Periods – Against All Defendants)

47.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

48.     Pursuant to Labor Code section 512, no employer shall employ an employee for a work period of more than five (5) hours without a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee

13

EXHIBIT 1, Page 23

1   with a second meal period of not less than thirty (30) minutes in which the employee is relieved of
2   all of his or her duties.  Plaintiff and other members of the Meal Period Class were not provided
3   with requisite meal periods as contemplated under the law.

4   49.   Pursuant to Labor Code section 226.7, if an employer fails to provide an employee
5   with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare
6   Commission, the employer shall pay the employee one additional hour of pay at the employee's
7   regular rate of compensation for each work day that the meal period or rest period is not provided.

8   50.   By their failure to provide Plaintiff and members of the Meal Period Class with the
9   meal periods contemplated by California law, and failing to provide compensation for such
10  unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor
11  Code section 512 and applicable Wage Orders.

12  51.   As a result of Defendants' unlawful conduct, Plaintiff and the other members of the
13  Meal Period Class have suffered damages in an amount, subject to proof, to the extent they were not
14  paid additional pay owed for missed meal periods.

15  52.   Plaintiff and the other members of the Meal Period Class are entitled to recover the
16  full amount of their unpaid additional pay for missed meal periods.  Pursuant to Code of Civil
17  Procedure section 1021.5, Plaintiff and the other members of the Meal Period Class are entitled to
18  recover the reasonable attorneys' fees and costs of suit.

19  53.   Pursuant to Civil Code section 3287, subdivision (a), Plaintiff and other members of
20  the Meal Period Class are entitled to recover prejudgment interest on the additional pay owed for
21  missed meal periods.

22  **THIRD CAUSE OF ACTION**

23  **(Failure to Provide Rest Periods – Against All Defendants)**

24  54.   Plaintiff realleges and incorporates by reference all of the allegations contained in
25  the preceding paragraphs of this Complaint as though fully set forth hereat.

26  55.   California law and applicable Wage Orders require that employers "authorize and
27  permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour
28  work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-

14

CLASS ACTION COMPLAINT

1  half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who

2  work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes

3  of paid rest period, and employees who work shifts of more than ten (10) hours must be provided

4  thirty (30) minutes of paid rest period.  Plaintiff and other members of the Rest Period Class were

5  not provided with requisite rest periods as contemplated under the law.

6      56.    Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

7  with a rest period or rest period as provided in the applicable Wage Order of the Industrial Welfare

8  Commission, the employer shall pay the employee one additional hour of pay at the employee's

9  regular rate of compensation for each work day that the meal period or rest period is not provided.

10     57.    By their failure to provide Plaintiff and other members of the Rest Period Class with

11  the rest periods contemplated by California law, and failing to provide compensation for such

12  unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor

13  Code section 226.7 and applicable Wage Orders.

14     58.    As a result of Defendants' unlawful conduct, Plaintiff and the other members of the

15  Rest Period Class have suffered damages in an amount, subject to proof, to the extent they were not

16  paid additional pay owed for missed rest periods.

17     59.    Plaintiff and the other members of the Rest Period Class are entitled to recover the

18  full amount of their unpaid additional pay for missed rest periods.  Pursuant to Code of Civil

19  Procedure section 1021.5, Plaintiff and the other members of the Rest Period Class are entitled to

20  recover reasonable attorneys' fees and costs of suit.

21     60.    Pursuant to Civil Code section 3287, subdivision (a), Plaintiff and other members of

22  the Rest Period Class are entitled to recover prejudgment interest on the additional pay owed for

23  missed rest periods.

## FOURTH CAUSE OF ACTION

24

25  **(Failure to Pay All Wages Due Upon Termination – Against All Defendants)**

26     61.    Plaintiff realleges and incorporates by reference all of the allegations contained in

27  the preceding paragraphs of this Complaint as though fully set forth hereat.

28  / / /

15

62.    At all relevant times, Plaintiff and other members of the Late Pay Class were employees of Defendants covered by Labor Code sections 201 and 202.

63.    Pursuant to Labor Code sections 201 and 202, Plaintiff and other members of the Late Pay Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination.  Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

64.    Defendants failed to pay Plaintiff and other members of the Late Pay Class all wages earned and unpaid prior to resignation or termination in accordance with Labor Code sections 201 or 202.  Plaintiff and other members of the Late Pay Class are informed and believe and thereon allege that at all relevant times within the applicable limitations period, Defendants had a practice of not paying upon termination or resignation, the wages owed to them as a consequence of, among other things, overtime hours worked.

65.    Defendants' failure to pay Plaintiff and members of the Late Pay Class all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiff and other members of the Late Pay Class at the time of termination or resignation in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202.

66.    Pursuant to Labor Code sections 201 and 202, Plaintiff and other members of the Late Pay Class are entitled to all wages earned prior to termination or resignation that Defendants failed to pay them.

67.    Pursuant to Labor Code section 203, Plaintiff and other members of the Late Pay Class are entitled to penalty wages from the date their earned and unpaid wages were due, upon termination or resignation, until paid, up to a maximum of 30 days.

/ / /

16

CLASS ACTION COMPLAINT

68.    As a result of Defendants' unlawful conduct, Plaintiff and other members of the Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination or resignation.

69.    As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not paid all penalty wages owed under Labor Code section 203.

70.    Pursuant to Labor Code sections 218 and 218.5, Plaintiff and the other members of the Late Pay Class are entitled to recover the full amount of their unpaid wages, and penalty wages under Labor Code section 203, reasonable attorneys' fees, and costs of suit. Pursuant to Labor Code section 218.6 or Civil Code section 3287, subdivision (a), Plaintiff and the other members of the Late Pay Class are entitled to recover prejudgment interest on the amount of their unpaid wages and unpaid penalty wages.

### FIFTH CAUSE OF ACTION

### (Failure to Provide Accurate Wage Statements – Against All Defendants)

71.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

72.    At all relevant times, Plaintiff and the other members of the Wage Statement Class were employees of Defendants covered by Labor Code section 226.

73.    Pursuant to Labor Code section 226, subdivision (a), Plaintiff and the other members of the Wage Statement Class were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement showing gross wages earned, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

74.    Defendants failed to provide Plaintiff and the other members of the Wage Statement Class accurate itemized wage statements in accordance with Labor Code section 226, subdivision (a).

/ / /

/ / /

17

CLASS ACTION COMPLAINT

75.     Plaintiff and the other members of the Wage Statement Class are informed and believe and thereon allege that at all relevant times, Defendants maintained and continue to maintain a policy and practice of issuing wage statements that do not show, among other things, pay due and owing for all hours worked, including overtime hours worked, pay due and owing for meal and rest break law violations, and all applicable hourly rates in effect during the pay periods. Defendants' practices resulted and continue to result in the issuance of Wage Statements to Plaintiff and other members of the Class that do not comply with the itemization requirements.

76.     Defendants' failure to provide Plaintiff and other members of the Wage Statement Class with accurate Wage Statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the other members of the Wage Statement Class with accurate Wage Statements, but intentionally provided wage statements that Defendants knew were not accurate.

77.     As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Wage Statement Class have suffered injury. The absence of accurate information on their Wage Statements has delayed timely challenge to Defendants' unlawful pay practices, requires discovery and mathematical computations to determine the amount of wages owed, causes difficulty and expense in attempting to reconstruct time and pay records, and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies.

78.     Pursuant to Labor Code section 226, subdivision (e), Plaintiff and other members of the Wage Statement Class are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate penalty of $4,000.00 per employee.

79.     Pursuant to Labor Code sections 226, subdivisions (e) and (g), Plaintiff and the other members of the Wage Statement Class are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees and costs of suit.

/ / /

/ / /

18

EXHIBIT 1, Page 28

## SIXTH CAUSE OF ACTION

### (Violation of Labor Code § 2802 – Against All Defendants)

80.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this First Amended Complaint as though fully set forth hereat.

81.    At all relevant times, Plaintiff and the other members of the Mileage Class were employees of Defendants covered by Labor Code section 2802.

82.    California Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . ."

83.    At all relevant times, Plaintiff and other members of the Mileage Class incurred expenses – namely, mileage on their personal vehicles – in connection with the discharge of their duties for Defendants.

84.    At all relevant times, Defendants failed and refused, and still fails and refuses, to reimburse Plaintiff and other members of the Mileage Class for the mileage incurred by their personal vehicles while discharging their duties for Defendants.

85.    As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Mileage Class have suffered damages in an amount subject to proof, to the extent they were not reimbursed at a legal rate per mile for each incurred, or the actual cost of incurring said mileage.

86.    Pursuant to Labor Code section 2802, Plaintiff and other members of the Mileage Class are entitled to reimbursement for mileage at a legal rate per mile incurred or actual cost.

## SEVENTH CAUSE OF ACTION

### (Unfair Competition – Against All Defendants)

87.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

88.    The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200. Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations

19

CLASS ACTION COMPLAINT

1    to compensate employees in accordance with the Labor Code.

2        89.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and

3    similarly situated Class Members have suffered injury in fact and lost money or property. Plaintiff

4    and similarly situated Class Members have been deprived from not being compensated overtime

5    wages, from not being provided with meal and rest breaks or compensation in lieu thereof, from not

6    being paid all wages due upon termination or resignation, for not indemnifying mileage incurred by

7    Class Members' personal vehicles, and from being provided with inaccurate wage statements.

8        90.    Pursuant to Business and Professions Code section 17203, Plaintiff and similarly

9    situated Class Members are entitled to restitution of all wages and other monies owed to them under

10   the Labor Code, including interest thereon, in which they had a property interest and which

11   Defendants nevertheless failed to pay them and instead withheld and retained for themselves.

12   Restitution of the money owed to Plaintiff and similarly situated Class Members is necessary to

13   prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor

14   Code.

15       91.    Plaintiff and similarly situated Class Members are entitled to recover reasonable

16   attorneys' fees in connection with their unfair competition claims pursuant to Code of Civil

17   Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

18                        **DEMAND FOR JURY TRIAL**

19       92.    Plaintiff hereby reserves his right to a trial by jury in this matter.

20                                **PRAYER**

21       WHEREFORE, on behalf of herself and all others similarly situated, Plaintiff prays for

22   judgment against Defendants as follows:

23       A.    An order certifying that Plaintiff may pursue her claims against Defendants as a

24   class action on behalf of the Class Members;

25       B.    An order appointing Plaintiff as Class representative and appointing Plaintiff's

26   counsel as class counsel;

27   / / /

28   / / /

EXHIBIT 1, Page 30

CLASS ACTION COMPLAINT

1      C.      A finding that Defendants, and each of them, are agents of each other, joint

2  employers of each other, and/or alter egos of each other, and that each are jointly and severally

3  liable for the herein-described damages, penalties and/or other compensation owed to Plaintiff and

4  Class Members;

5      D.      Damages for all wages earned and owed, including unpaid overtime wages, under,

6  among other authorities, Labor Code sections 510, 1194 and 1194.2;

7      E.      Damages for missed meal periods under, among other authorities, Labor Code

8  sections 512 and 226.7;

9      F.      Damages for missed rest periods under, among other authorities, Labor Code

10  sections 512 and 226.7;

11      G.      Damages for premium wages under, among other authorities, Labor Code sections

12  512 and 226.7;

13      H.      Penalties for inaccurate wage statements under Labor Code section 226,

14  subdivision (e);

15      I.      Damages for unpaid penalty wages under Labor Code section 203;

16      J.      Damages in the form of reimbursement for mileage incurred under Labor Code

17  section 2802;

18      K.      Restitution under Business and Professions Code section 17203;

19      L.      Pre-judgment interest;

20      M.      Costs;

21      N.      Reasonable attorneys' fees; and

22      O.      Such other and further relief as the Court deems just and proper.

23

24  Dated: April 27, 2017                         BIBIYAN & BOKHOUR, P.C.

25

26

27                                     BY: _____
                                           DAVID D. BIBIYAN
28                                         Attorneys for Plaintiff MARITER ROLDAN, on behalf
                                           of himself and all others similarly situated

                                          EXHIBIT 1, Page 31
CLASS ACTION COMPLAINT